## Case No. 15,332.

### UNITED STATES v. HAWTHORNE.

[1 Dill. 422.] [1]

Circuit Court, D. Kansas. 1871.

CRIMINAL LAW—COMPETENCY OF THE DEFENDANT TO TESTIFY.

In the courts of the United States, a defendant in a criminal case cannot testify in his own behalf although by statute his testimony is admissible in the courts of the state.

[Cited in Home Ins. Co. v. Stanchfield, Case No. 6,660; U. S. v. O'Brian, Id. 15,908; Logan v. U. S.; 12 Sup. Ct. 629.]

Indictment for having in possession counterfeit treasury notes, with intent, &c., contrary to the acts of congress. By a statute of the state of Kansas, defendants in criminal cases are allowed to testify in their own behalf. On the trial, the defendant's counsel offered the defendant as a witness to testify in his own favor, relying on the aforementioned statute of the state.

Mr. Horton, U. S. Dist. Atty.
Merrill & Case, for defendant.

PER CURIAM (MILLER, Circuit Justice, and DILLON, District Judge, concurring). Crimes against the United States are wholly withdrawn from the domain of state legislation. They are created solely by congress, and congress has provided for their prosecution and the mode of procedure. Under section 34 of the judiciary act, as construed by the supreme court (U. S. v. Reid, 12 How. [53 U. S.] 361), and under the act of July 6, 1862 (12 Stat. 588), and of July 2, 1864 (13 Stat. 351), it is clear that the right of a defendant, in a criminal case, to testify in his own favor does not exist. On the contrary, the language used manifests an evident intention on the part of congress to exclude such evidence. Testimony excluded.

NOTE. Right of parties to testify in civil cases, Berry v. Fletcher [Case No. 1,356]; in chancery cases, Rison v. Cribbs [Id. 11,860]. In the Case of 10,000 Cigars [Id. 16,451], it was decided by Mr. Justice Miller that the phrase "civil action" in the act of July 2, 1864, "includes actions at law, suits in chancery, proceedings in admiralty, and all other judicial controversies in which the rights of property are involved, whether between private parties, and such parties and the government, and is used in contradistinction to criminal actions"; and he accordingly held that the claimant of property seized for a violation of the internal revenue laws was made by the general act a competent witness in his own behalf, and that

[2] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

his right to testify was not repealed or modified by the act of February 28. 1865, § 2 [13 Stat. 442], or by the act of July 13. 1866. § 9 [16 Stat. 98]. A defendant, in a. civil action brought by the government, is competent to testify in his own behalf under the act of July 2. 1864. Green v. U. S.. 9 Wall. [76 U. S.] 655, 1869. So a relator in habeas corpus. Ex parte Reynolds [Case No. 11,722]. Under Act March 3, 1865 (13 Stat. 533), the court will not make an order for examination of a party, when such an order would not be allowed by the laws of the state. Robinson v. Mandell [Case No. 11.959].